UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE CRISP,

       Plaintiff,                CIVIL ACTION NO. 14-cv-14132

       v.                         DISTRICT JUDGE STEPHEN J. MURPHY, III

                                     MAGISTRATE JUDGE MONA K. MAJZOUB

PATRICIA CARUSO, et al.,

       Defendants.
_____/

**OPINION AND ORDER STRIKING PLAINTIFF'S AMENDED COMPLAINT [7], DENYING PLAINTIFF'S MOTION TO REINFORCE COURT ORDER [9], AND DENYING PLAINTIFF'S MOTION TO REINSTATE BARBARA MEAGHER [11]**

      This matter comes before the Court on Plaintiff Maurice Crisp's Amended Complaint. (Docket no. 7.) This matter also comes before the Court on Plaintiff's Motion to Reinforce Court Order (docket no. 9) and Plaintiff's Motion to Reinstate Barbara Meagher (docket no. 11). Plaintiff's motions are unopposed, as Defendants have not yet been served. All pretrial matters have been referred to the undersigned for consideration. (Docket no. 10.) The Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

      Plaintiff filed this *pro se* prisoner civil rights action on October 27, 2014, pursuant to 42 U.S.C. § 1983, against Defendants Patricia Caruso, Blaine Lafler, Barbara Meagher, George Kubin, Velsicol Chemical Corporation, and John and Jane Does. (Docket no. 1.) In his Complaint, Plaintiff alleges that he developed dysentery, H. pylori, and Crohn's disease as a

result of ingesting contaminated water while he was incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan.[1]  Plaintiff alleges that Defendants Lafler and Caruso "created a situation of [d]eliberate [i]ndifference after knowing that St. Louis water was contaminated" and that Defendant Kubin, purportedly the mayor of the City of St. Louis, and Defendant Velsicol are liable for his injuries because the City of St. Louis controls the water supply and because Velsicol was once owned and operated by the State of Michigan.  Plaintiff further alleges that "[t]hese Defendants particularly exposed [him] to harmful toxic substances that caused [him] to contract H-pylori [sic] and Crohn's [d]isease."  Plaintiff seeks $100 million in damages, among other things.  Plaintiff's application to proceed without prepayment of the filing fee was granted on November 20, 2014.  (Docket no. 4.)  At that juncture, Plaintiff was responsible for serving Defendants with the Complaint, as he did not request service by the United States Marshals Service.

## I.    Plaintiff's Amended Complaint

Plaintiff filed a Motion for Leave to File an Amended Complaint on January 14, 2015.  (Docket no. 5.)  Plaintiff did not submit a proposed amended complaint with his Motion.  The Court granted Plaintiff's Motion on March 11, 2015, but *sua sponte* dismissed Defendants Velsicol and Meagher from this action pursuant to 28 U.S.C. § 1915.  (Docket no. 6.)  The Court also ordered that service of Plaintiff's complaint(s) upon the remaining defendants be effectuated by the U.S. Marshals Service, as they had not yet been served.

Plaintiff filed his Amended Complaint on April 6, 2015.  (Docket no. 7.)  The undersigned notes that "*[p]ro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (citation omitted).  Even so, a *pro se* plaintiff's

---

[1] Plaintiff is currently incarcerated at the Kinross Correctional Facility in Kincheloe, Michigan.

complaint must meet basic pleading standards. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Upon review, the Court has determined that Plaintiff's Amended Complaint is defective, both procedurally and substantively.

First, Plaintiff's Amended Complaint does not comply with Federal Rule of Civil Procedure 10(a). Rule 10(a) states that "[e]very pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties . . . ." Fed. R. Civ. P. 10(a). This Rule applies equally to amended complaints. *See Bagwell v. Oakland Cty. Sheriff's Office*, No. 11-10032, 2011 WL 3625065, at *3 (E.D. Mich. Aug. 17, 2011) (Hood, J.); *Searcy v. Macomb Cty. Jail*, No. 2:10-CV-11242, 2012 WL 1945145, at *6 (E.D. Mich. May 30, 2012) (Komives, M.J.). Individuals who are not named as parties in the caption of a complaint are not parties and the U.S. Marshals Service will not effectuate service against them. *Aslani v. Sparrow Health Sys.*, No. 1:08-cv-298, 2009 WL 3711602, at *7 n.9 (W.D. Mich. Nov. 3, 2009); *Johnson v. Harris*, No. 08-13328, 2009 WL 3126315, at *9 (E.D. Mich. Sept. 28, 2009).

Here, the title of Plaintiff's Amended Complaint lists "Patricia Caruso, et. al.," as "Defendant(s)." In the body of the Amended Complaint, Plaintiff refers to Defendant Kubin, previously-dismissed Defendant Meagher, and "the remaining Defendants," but he does not name any individuals as defendants in the caption except for Defendant Caruso. Additionally, Plaintiff does not mention, identify by name, or set forth any allegations against Defendants Caruso, Lafler, or John and Jane Does in the body of the Amended Complaint. Plaintiff's failure to comply with Rule 10(a), combined with the lack of allegations against individual defendants in the Amended Complaint, has rendered unclear Plaintiff's intentions regarding the identity of

3

the defendants in this action.[2] When a party names an individual in the body of his complaint but fails to name that individual in the caption of the complaint, the way to correct that error is to file an amended complaint. *Green v. G2 Secure Staff, LLC*, No. 07-409-C, 2008 WL 782612, at *2 (W.D. Ky. Mar. 21, 2008) (citation omitted). Accordingly, the Court will strike Plaintiff's Amended Complaint and will permit Plaintiff to file another amended complaint that complies with Rule 10(a) by separately identifying all named defendants within the case caption, as further instructed below.

Plaintiff's Amended Complaint also violates Federal Rule of Civil Procedure 10(c) and Eastern District of Michigan Local Rule 15.1. In the sole constitutional claim set forth by Plaintiff in his Amended Complaint, Plaintiff alleges that "[t]he Memorandum attached to Plaintiff's original complaint establishes a policy statement regulation from Defendant George Kubin that violates Plaintiff's Eight[h] Amendment [rights] and federal regulations prohibiting the use and exposure of PBBs in the United States at any levels." (Docket no. 7 ¶ 22.) A document attached to a pleading as an exhibit becomes part of the pleading for all purposes. Fed. R. Civ. P. 10(c). Courts have held, however, that Rule 10(c), which also pertains to adoption by reference in pleadings, does not contemplate or permit the incorporation of an exhibit attached to an abandoned complaint by reference in an amended complaint. *Galloway v. City of Abbeville, Ala.*, 871 F. Supp. 2d 1298, 1304-05 (M.D. Ala. July 2, 2012) (citing *Oppenheimer v. F.J. Young & Co.*, 3 F.R.D. 220, 226 (S.D.N.Y. Mar. 1, 1943)); *see also* E.D. Mich. LR 15.1 ("Any amendment to a pleading . . . must . . . reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference.").

---

[2] The Court acknowledges that Plaintiff properly listed the defendants in his original complaint. (*See* docket no. 1 at 1-2.) Nevertheless, "an amended complaint supercedes all prior complaints;" it follows, then, "that any defects in [an] [a]mended [c]omplaint cannot be repaired by prior complaints." *Drake v. City of Detroit, Mich.*, 266 F. App'x 444, 448 (6th Cir. 2008) (citations omitted).

Plaintiff's allegation against Defendant Kubin makes an improper incorporation by reference, and the Court will not allow it. Plaintiff's claim does not fail, and the Court does not strike Plaintiff's Amended Complaint on this basis, however, as Rule 10(c) is permissive, meaning that "a plaintiff is under no obligation to attach to his complaint documents upon which his action is based." *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997). Nevertheless, in light of the fact that the Court will permit Plaintiff to file another amended complaint, the Court invites Plaintiff to file the aforementioned memorandum as an exhibit to that complaint.

Finally, Plaintiff's Amended Complaint fails to state a claim against any defendant other than Defendant Kubin, discussed *supra*. A *pro se* plaintiff's complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (citations omitted). To state a plausible claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that each defendant was personally involved in the alleged constitutional violation. *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995). It is a well-established principle that § 1983 liability cannot be based on a mere failure to act or on a theory of respondeat superior. *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206-07 (6th Cir. 1998). Rather, a supervisor must have "'either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 874 (6th Cir. 1982)). A court is not required to guess at the nature of the claim asserted. *Wells*, 891 F.2d at 594.

Plaintiff makes the following general accusations in his Amended Complaint: (1) "Plaintiff's [sic] says these Defendants placed him in harms [sic] way;" and (2) "City and Prison officials in the City of St. Louis, Michigan [k]nowingly caused the harm of exposing Plaintiff to PBBs." (Docket no. 7 ¶¶ 14, 22.) In his prayer for relief, Plaintiff seeks monetary damages and release from custody "for violation [of] his federal constitutional rights and exposing Plaintiff of being susceptible to contracting cancer." (*Id.* at 6.) Plaintiff, however does not identify "these Defendants" or the "City and Prison officials;" Plaintiff does not allege how each defendant was personally involved in the alleged constitutional violation; and, most importantly, Plaintiff does not assert a constitutional basis for these claims, i.e., he does not allege which of his constitutional rights were violated. Essentially, these general accusations fail to give any defendants sufficient notice of the claims against which they must defend, and they fail to state a claim.

Plaintiff also sets forth an allegation against previously-dismissed Defendant Barbara Meagher in his Amended Complaint: "Plaintiff says that dismissed former Deputy Warden Barbara Meagher answered the Step I grievance in the *Rouse v. Caruso* [case]." [3] (*Id.* ¶ 21 (emphasis added).) Plaintiff then seeks to reinstate Ms. Meagher as a defendant in this case through the filing of his Amended Complaint. (*Id.*) In addition to Plaintiff's request being procedurally improper, it would be futile to allow Plaintiff to assert such a claim against Ms. Meagher, as it does not indicate how she was personally involved in a constitutional violation against Plaintiff. Moreover, a defendant is not liable under 42 U.S.C. § 1983 if his or her only involvement in the constitutional violation involved the denial of an administrative grievance. *See Shehee*, 199 F.3d at 300.

---

[3] *Rouse v. Caruso* is a prisoner civil rights case from this District to which Plaintiff was not a party; the plaintiffs' allegations in *Rouse* were based, in part, on the allegedly contaminated drinking water at the St. Louis Correctional Facility. *Rouse v. Caruso*, No. 2:06-cv-10961-SJM-EAS (E.D. Mich. closed Feb. 13, 2015).

Based on the above considerations, the Court will strike Plaintiff's Amended Complaint (docket no. 7) from the Court's docket. Should Plaintiff choose to cure the deficiencies in his Amended Complaint, Plaintiff may file another amended complaint that complies with the Federal Rules of Civil Procedure and the Local Rules of this District within thirty (30) days of this Opinion and Order. If Plaintiff does not file a proper amended complaint within thirty (30) days, the Court will proceed with service of Plaintiff's original Complaint.

## II.   Plaintiff's Motion to Reinforce Court Order [9]

On June 29, 2015, Plaintiff filed a Motion to Reinforce Court Order, in which he requests that the Court enforce its March 11, 2015 Order directing the U.S. Marshals Service to serve Plaintiff's Complaint on Defendants Caruso, Lafler, and Kubin. If and when Plaintiff files an amended complaint that complies with this Opinion and Order, the Federal Rules of Civil Procedure, and the Local Rules of this District, the Court will direct the U.S. Marshals Service to serve Plaintiff's original Complaint and amended complaint on Defendants. If an amended complaint is not filed within thirty (30) days of this Order, the Court will direct service of Plaintiff's original Complaint only. Because Plaintiff is asking the Court to do something that it already fully intends to do, it will deny Plaintiff's Motion to Reinforce Court Order (docket no. 9) as moot.

## III.   Plaintiff's Motion to Reinstate Barbara Meagher [11]

In its March 11, 2015 Order, the Court *sua sponte* dismissed Defendant Barbara Meagher from this action due to Plaintiff's failure to explain Defendant Meagher's involvement in this case or set forth any allegations against her. (Docket no. 6 at 4.) Plaintiff has since filed a Motion to Reinstate Barbara Meagher as a Defendant. (Docket no. 11.) In this Motion, Plaintiff alleges that Ms. Meagher decided that bottled water would not be issued to inmates free of

charge even though it was donated to the facility; instead, inmates would have to purchase the bottled water. Plaintiff contends that he did not have any money to buy the bottled water, so he was forced to drink the contaminated water. Plaintiff further alleges that he recently received information that Ms. Meagher had ordered that signs be placed in the facility's visiting areas advising visitors not to drink the facility's water because it could cause birth defects and other harmful illnesses.

Plaintiff's request is procedurally deficient. The proper vehicle for Plaintiff's request to reinstate Ms. Meagher as a party in this matter is a Motion for Leave to File an Amended Complaint, accompanied by a proposed amended complaint in accordance with Federal Rule of Civil Procedure 15(a) and Eastern District of Michigan Local Rule 15.1. Plaintiff's *pro se* status does not absolve him from following the Federal or Local Rules. Accordingly, the Court will deny Plaintiff's Motion to Reinstate Barbara Meagher (docket no. 11). Nevertheless, in light of Plaintiff's newly-stated allegations against Ms. Meagher, and because the Court will permit Plaintiff to file an amended complaint for other reasons, discussed *supra*, the Court will grant Plaintiff leave to add Barbara Meagher as a defendant and include his factual allegations and legal claims against her in that amended complaint, if he chooses to so file.

**IT IS THEREFORE ORDERED** that Plaintiff's Amended Complaint [7] is hereby stricken from the docket in this matter. Should Plaintiff choose to cure the deficiencies in his Amended Complaint, Plaintiff may file another amended complaint that complies with the Federal Rules of Civil Procedure and the Local Rules of this District within thirty (30) days of this Opinion and Order. If Plaintiff does not file a proper amended complaint within thirty (30) days, the Court will proceed with service of Plaintiff's original Complaint.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Reinforce Court Order [9] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Reinstate Barbara Meagher [11] is **DENIED**. Nevertheless, the Court grants Plaintiff leave to add Barbara Meagher as a defendant and include his factual allegations and legal claims against her in the forthcoming amended complaint, if Plaintiff chooses to so file.

### NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated:  December 30, 2015			s/ Mona K. Majzoub
						MONA K. MAJZOUB
						UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Maurice Crisp on this date.

Dated: December 30, 2015			s/ Lisa C. Bartlett
						Case Manager

9