UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE CRISP,

       Plaintiff,                    CIVIL ACTION NO. 14-cv-14132

      v.                            DISTRICT JUDGE STEPHEN J. MURPHY, III

                                     MAGISTRATE JUDGE MONA K. MAJZOUB

PATRICIA CARUSO, et al.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

The undersigned recommends that this matter be dismissed in its entirety pursuant to 28 U.S.C. § 1915(e)(2).

**II.    REPORT**

Plaintiff Maurice Crisp filed this *pro se* prisoner civil rights action on October 27, 2014, pursuant to 42 U.S.C. § 1983, against Defendants Patricia Caruso, Blaine Lafler, Barbara Meagher, George Kubin, Velsicol Chemical Corporation, and John and Jane Does, alleging that he developed dysentery, H. pylori, and Crohn's disease as a result of ingesting contaminated water while he was incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan.[1] (Docket no. 1.) On January 14, 2015, Plaintiff filed a Motion for Leave to File an Amended Complaint. (Docket no. 5.) The court granted Plaintiff's Motion on March 11, 2015, but *sua sponte* dismissed Defendants Velsicol and Meagher from this action pursuant to 28 U.S.C. § 1915. (Docket no. 6.) The court also ordered that service of Plaintiff's complaint(s) upon the

---
[1] Plaintiff is currently incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan.

remaining defendants be effectuated by the U.S. Marshals Service, as they had not yet been served. (*Id.*) Plaintiff filed his Amended Complaint on April 6, 2015. (Docket no. 7.) All pretrial matters were subsequently referred to the undersigned for consideration. (Docket no. 10.)

Upon review of Plaintiff's Amended Complaint, this Court found it to be defective, both procedurally and substantively. (Docket no. 13 at 3.) Specifically, the Court found that Plaintiff's Amended Complaint failed to name all of the defendants in its caption in violation of Federal Rule of Civil Procedure 10(a), it incorporated an exhibit attached to the original complaint in violation of Rule 10(c), and it failed to allege how each defendant was personally involved in the alleged constitutional violation. (*Id.* at 3-6.) The Court therefore struck Plaintiff's Amended Complaint, but invited Plaintiff to file another amended complaint that complied with the Federal Rules of Civil Procedure and the Local Rules of this District within thirty days. (*Id.* at 7, 8.) The Court also advised that if Plaintiff chose not to file another amended complaint, the Court would proceed with service of Plaintiff's original complaint upon Defendants. (*Id.* at 8.)

Plaintiff filed another Amended Complaint on February 3, 2016, which cures the defects of the one previously filed. (Docket no. 15.) In this Amended Complaint, Plaintiff alleges that Velsicol Chemical Corporation[2] mishandled the hazardous waste generated through its production of hazardous chemicals, which resulted in the contamination of the City of St. Louis's water supply, and therefore that of the St. Louis Correctional Facility. (*Id.* ¶ 20.) Plaintiff alleges that during his incarceration at the St. Louis Correctional Facility, from 2004 until 2007,

---

[2] The court *sua sponte* dismissed Velsicol from this matter on March 11, 2015, pursuant to 28 U.S.C. § 1915 because it is not a state actor, and even if it were, its alleged actions do not equate to the intentional infliction of punishment on nearby prisoners. (Docket no. 6 at 3-4.) Plaintiff again names Velsicol as a defendant in the instant Amended Complaint; however, Plaintiff's attempt to reinstate Velsicol as a defendant in this matter is improper for the reasons previously stated. The Court need not formally dismiss Velsicol from the instant Amended Complaint, though, as this entire matter should be dismissed because it was filed outside of the statute of limitations.

2

he was only given access to the institutional water supply obtained from the City of St. Louis, which was discolored, foul-smelling, and foul-tasting. (*Id.* ¶¶ 40-41, 47.) Plaintiff asserts that he drank six to eight glasses of the contaminated water per day and that his food was prepared with the contaminated water, which caused him to experience stomach pain, diarrhea, fatigue, and weight loss. (*Id.* ¶¶ 24, 28-29, 47.) Plaintiff also alleges that he was diagnosed with "suspected Crohn's disease" approximately one year after he complained to Defendant Jane Doe #1, a nurse at the St. Louis Correctional Facility, about his stomach pain, weight loss, and the contaminated water supply. (*Id.* ¶ 30.)

Plaintiff added Dan Welihan as a Defendant in this Amended Complaint and claims that he, along with Defendants Caruso, Lafler, Meagher, Kubin, and John Doe #1, subjected Plaintiff to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution, and they "were all deliberately indifferent to the risk of disease to humans by exposure to the contaminates in the water provided to the prison population." (Docket no. 15 ¶¶ 7, 32, 56.) Plaintiff also claims that these Defendants stated, and instructed other prison staff to restate, that there was no risk to the exposure to the contaminates in the drinking water, and they withheld donated bottled water from the prison population, instead selling it to the prisoners for forty cents per bottle. (*Id.* ¶¶ 70-72.) Plaintiff also added Lori L. Lau and Natalie Souder as Defendants in this Amended Complaint and claimed that they, along with Defendant Jane Doe #1, who were allegedly all nurses at the St. Louis Correctional Facility, were deliberately indifferent to his serious medical needs in May 2006 when they deprived him of adequate and timely medical treatment, despite his complaints of stomach pain, diarrhea, fatigue, weight loss, and the contaminated water supply. (*Id.* ¶¶ 8-9, 28-29, 76-90.) Plaintiff seeks injunctive relief and monetary damages. (*Id.* ¶¶ 98-103.)

3

The Court has reviewed Plaintiff's Amended Complaint in accordance with its duty to screen complaints filed by prisoners proceeding *in forma pauperis* under 28 U.S.C. § 1915(e)(2) and concludes that this entire matter should be dismissed because Plaintiff's claims are barred by the statute of limitations.[3] Pursuant to 28 U.S.C. § 1915, a district court has a duty to *sua sponte* dismiss at any time a case in which the plaintiff is proceeding *in forma pauperis* if it determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). "Where a plaintiff subject to § 1915(e) files a case outside of the statute of limitations, *sua sponte* dismissal is appropriate." *Tippins v. Caruso*, No. 2:14-cv-10956, 2015 WL 11256570, at *4 (E.D. Mich. Sept. 1, 2015) (citing *Day v. E.I. Du Pont de Nemours & Co.*, 165 F.3d 27, 27 (6th Cir. 1998) ("Where a particular claim is barred by the applicable statute of limitations, it does not present an arguable or rational basis in law or fact and therefore may be dismissed as frivolous under § 1915(e)(2)(B).").

A plaintiff must commence suit within the time prescribed under the applicable statute of limitations in order to avoid the statute of limitations bar. Because 42 U.S.C. § 1983 does not provide its own statute of limitations, federal courts borrow the analogous limitations period from the forum state. *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005). The Sixth Circuit has held that Michigan's three-year statute of limitations for general personal injury claims found in Mich. Comp. Laws § 600.5805(10) is the applicable statute of limitations for § 1983 claims. *McCune v. Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988). Although statutes of limitation are governed by state law, the question of when civil rights claims accrue remains one of federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007) ("While we have never stated so expressly, the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law.") (emphasis in original); *LRL Properties v. Portage Metro*

---

[3] The court granted Plaintiff's application to proceed *in forma pauperis* on November 20, 2014. (Docket no. 4.)

*Hous. Auth.*, 55 F.3d 1097, 1107 (6th Cir. 1995). "Under federal law as developed in this Circuit, [a cause of action accrues] and the statute of limitations period begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996) (citing *Friedman v. Estate of Presser,* 929 F.2d 1151, 1159 (6th Cir. 1991)).

Here, Plaintiff's Amended Complaint establishes that Plaintiff's claims in this matter accrued sometime during his incarceration at the St. Louis Correctional Facility between 2004 and 2007, as he knew or had reason to know that the act providing the basis of his injury occurred during that time. For example, Plaintiff alleges that while incarcerated at the St. Louis Correctional Facility, he complained to prison staff, including Defendants Caruso, Lafler, and Meagher, about the quality of the water through the Warden's forum and numerous grievances, but he was repeatedly assured that the contaminates in the water were not a threat to his health. (Docket no. 15 ¶¶ 24-26.) Plaintiff also alleges that he complained to the nurses at the St. Louis Correctional Facility, Defendants Lau, Souder, and Jane Doe #1, regarding the effect of the contaminated water on his health, to no avail. (*Id*. 28-30.) Nevertheless, Plaintiff waited until October 2014, approximately seven years later, to file this civil action. (*See* docket no. 1). Such a filing is well beyond the three-year statute of limitations applicable to this matter. *See Tippins, supra,* 2015 WL 11256570, at *4, *report and recommendation adopted*, 2015 WL 5954800 (E.D. Mich. Oct. 14, 2015) (Murphy, J.) (determining that dismissal of the plaintiff's claim was warranted under the statute of limitations where he complained of becoming ill from the contaminated water in 2007, but did not file a complaint until 2014); *Davis v. City of St. Louis*, No. 12-CV-10528, 2012 WL 1392357, at *2 (E.D. Mich. Mar. 23, 2012), *report and recommendation adopted*, 2012 WL 1392352 (E.D. Mich. Apr. 20, 2012) (same, where

complaint was not filed until 2012). Accordingly, because this matter is time-barred, the undersigned recommends that this matter be dismissed in its entirety pursuant to 28 U.S.C. § 1915(e)(2).

## III. NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: October 20, 2016        s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

     I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff and counsel of record on this date.

Dated: October 20, 2016        s/ Lisa C. Bartlett
                               Case Manager