UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE CRISP,

    Plaintiff,                                  Case No. 2:14-cv-14132

v.                                            HONORABLE STEPHEN J. MURPHY, III

PATRICIA CARUSO, et al.,

    Defendants.
                                      /

**OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION
TO REOPEN TIME TO FILE AN APPEAL [22] AND
<u>DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT [21]</u>**

Plaintiff is a prisoner currently in the custody of the Michigan Department of Corrections. On November 8, 2016, the Court entered an order adopting the magistrate judge's report and recommendation and dismissing the case. ECF 19. Evidently, Plaintiff did not receive a copy of the order or judgment. He discovered the order on his own while researching his case, and by that time, the 30-day period to appeal as of right had expired. *See* Fed. R. App. P. 4(a)(1)(A). Accordingly, Plaintiff moves to reopen the time to file an appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6). ECF 22.

The Court finds the three preconditions of the rule are satisfied: (A) Plaintiff did not receive notice of the entry of the order he seeks to appeal within 21 days of its entry, (B) he filed the instant application within 180 days after the order was entered, and (C) no party will be prejudiced by permitting Plaintiff the additional time to appeal. The Court will therefore grant the motion to reopen the time to appeal.

Plaintiff has also filed a motion seeking relief from the judgment under Rule 60(b). ECF 21. Rule 60 permits the Court to "relieve a party . . . from a final judgment" if one of six listed reasons applies. Fed. R. Civ. P. 60(b). None does here.

The Court granted Plaintiff's motion for leave to file an amended complaint and thereafter referred all pretrial matters to a magistrate judge. ECF 6, 10. Plaintiff filed an amended complaint, ECF 15, and the magistrate judge issued a report and recommendation, suggesting that the Court dismiss the complaint as time-barred pursuant to 28 U.S.C. § 1915(e)(2), ECF 18, PgID 119. Plaintiff was served with the report and failed to timely object. The Court then adopted the report in full and dismissed the case. ECF 19.

As a preliminary matter, Plaintiff's argument in the instant motion is untimely. The time to raise it was during the period for objections following the magistrate's entry of the report and recommendation. And even now, Plaintiff does not argue that the failure to file an objection was due to "excusable neglect." Instead, he argues that Court "made a substantive mistake of law or fact." ECF 21, PgID 126. His recourse, if any, is therefore through appeal, not through a Rule 60 motion.

Its untimeliness notwithstanding, the motion fails on the merits. Plaintiff argues that the magistrate judge erred in determining that his claim is time-barred. He faults the magistrate judge for stating that "he complained to prison staff . . . about the quality of the water through the Warden's forum and numerous grievances," ECF 18, PgID 118, when in fact his amended complaint stated that "concerns were made apparent to Defendant[s] . . . through the Warden's forum and numerous grievances." ECF 15, PgID 95. But in the paragraph immediately preceding this statement, the amended complaint states that Plaintiff himself began "questioning staff, prisoner representatives, and health services

about the harmful effects of the contaminates in the drinking water[.]" *Id.* at 94–95. Even if Plaintiff's recent distinction about who filed grievances is consistent with the text of the amended complaint, the argument is unpersuasive. The statute of limitations began to run when Plaintiff knew or had reason to know that the act providing the basis of his injury had occurred. *See Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996). The magistrate judge aptly described why the complaint, on its face, showed that the Plaintiff's claim was time-barred. Plaintiff's tardy objection does not undermine that determination.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's motion to reopen the time to appeal [22] is **GRANTED** and the time to appeal the Court's November 8 order [19] is **REOPENED** for a period of 14 days after the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Relief from Judgment [21] is **DENIED**.

**SO ORDERED**.

                                      s/Stephen J. Murphy, III
                                      STEPHEN J. MURPHY, III
                                      United States District Judge

Dated: July 7, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 7, 2017, by electronic and/or ordinary mail.

                                      s/David. P. Parker
                                      Case Manager